Filed 2/8/23  In re L.H. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| In re L.H., a Person Coming Under the Juvenile Court Law. | C096495 |
| AMADOR COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>M.G.,<br><br>Defendant and Appellant. | (Super. Ct. No. 21-DP-0792) |

Appellant M.G. (father), father of the minor, L.H. (the minor), appeals from the juvenile court's orders terminating parental rights and freeing the minor for adoption. (Welf. & Inst. Code, §§ 366.26, 395.)[1]  Father's sole contention on appeal is that the

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

Amador County Department of Social Services (the Department), the Placer County Department of Health and Human Services (HHS), and the Placer County and Amador County juvenile courts failed to comply with the inquiry and notice requirements of the Indian Child Welfare Act (ICWA) because the Department did not contact extended family members to inquire about the ICWA. (25 U.S.C. § 1901 et seq.; § 224.2.)

We will conditionally affirm subject to full compliance with the ICWA on remand, as described in this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of the dependency are not at issue, and we do not recite them. We limit our recitation of the background to those facts relevant to the ICWA inquiry and noticing requirements.

Father and mother La.H. (mother) have one minor child together, L.H. On May 6, 2020, law enforcement responded to the family home, pursuant to a search warrant, and mother was arrested and charged with multiple felonies. HHS was notified and took the minor into protective custody. On May 8, 2020, HHS filed a petition alleging that the minor (then age 15 months), came within the provision of section 300, subdivision (b)(1), failure to protect. In the ICWA-010 form attached to the petition, HHS indicated the minor had no known Native American ancestry.

At the May 11, 2020 detention hearing, mother and father both denied any Native American heritage, and the Placer County Juvenile Court determined that the ICWA did not apply.[2] On May 22, 2020, HHS asked mother "if she knew about any Native American heritage and she stated there is no Native American heritage in her family." On May 28, 2020, HHS asked father "if he knew of any Native American heritage and he

---

[2] There are no Parental Notification of Indian Status (ICWA-020) forms in the clerk's transcript.

stated there is no Native American heritage in his family." On July 7, 2020, the juvenile court again determined the ICWA did not apply.

The case was subsequently transferred to Amador County. The record does not disclose that any further inquiry regarding the minor's heritage was conducted.

On December 9, 2021, the Amador County Juvenile Court terminated reunification services as to father and mother and set a selection and implementation hearing pursuant to section 366.26. On May 26, 2022, the juvenile court held the contested section 366.26 hearing. The juvenile court found the minor adoptable, determined no statutory exceptions to adoption were applicable, and terminated father's and mother's parental rights.

Father filed a timely notice of appeal.

## DISCUSSION

Father contends that HHS, the Department, and the juvenile courts failed to comply with their initial duty of inquiry under section 224.2, subdivision (b). We agree.

As this court recently explained: " 'The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. [Citations.] A major purpose of the ICWA is to protect "Indian children who are members of or are eligible for membership in an Indian tribe." [Citation.]' (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) The ICWA defines an ' "Indian child" ' as a child who 'is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.' (25 U.S.C. § 1903(4).) The juvenile court and the social services department have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)" (*In re G.A.* (2022) 81 Cal.App.5th 355, 360, review granted Oct. 12, 2022, S276056.)

3

"[S]ection 224.2 creates three distinct duties regarding ICWA in dependency proceedings. First, from the Agency's initial contact with a minor and his [or her] family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).) Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the Agency 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' (*Id*., subd. (e), italics added.) Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply. (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone 'knows or has reason to know that the child is an Indian child']; *id*., subd. (d) [defining circumstances that establish a 'reason to know' a child is an Indian child]; § 224.3 [ICWA notice is required if there is a 'reason to know' a child is an Indian child as defined under § 224.2, subd. (d)].)" (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.) We review claims of inadequate inquiry into a child's Native American ancestry for substantial evidence. (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430.)

Father cites section 224.2, subdivision (b), which imposes a more extensive duty to inquire about Indian ancestry if a child is placed in the temporary custody of a welfare department (§ 306) or probation department (§ 307): "Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child." (§ 224.2, subd. (b).)

The Department does not dispute father's claim that the record does not show that the Department or HHS made any inquiry of any of the minor's extended family members, despite frequent contact with some of those relatives regarding the minor's placement. The Department concedes its inquiry extending no further than mother and father was inadequate under section 224.2, subdivision (b), but argues that any error is harmless because the record does not support a reason to believe that the minor may be

4

an " 'Indian child' within the meaning of ICWA, such that the absence of further inquiry was prejudicial." (*In re Dezi C.* (2022) 79 Cal.App.5th 769, 779, review granted Sept. 21, 2022, S275578; see *id.* at pp. 779-782.) Recently, our Supreme Court granted review in *Dezi C.*, and we anticipate further clarification on this issue. Until such time, we conclude that given the Department's concession and the remedial purpose underlying the ICWA and related California law intended to protect third-party rights, we apply the analytical framework set forth by the California Supreme Court in *In re A.R.* for assessing harm and we conclude the error is prejudicial. (*In re A.R.* (2021) 11 Cal.5th 234, 252-254 [determining whether an error is prejudicial requires viewing the error through the lens of the remedial purpose of the law at issue].)

Due to changes in California law over the past few years, agencies now have a broader duty of inquiry and a duty of documentation (§ 224.2, subd. (b); Cal. Rules of Court, rule 5.481(a)(5)), and courts have been tasked with determining how to assess error when the agency fails to discharge its now-broad duty of inquiry. Agencies have often conceded error and, therefore, disposition of the issue on appeal has turned on whether the error was prejudicial. Although reviewing courts generally agree that reversal is dependent on showing prejudice, or a miscarriage of justice, approaches for assessing prejudice have varied. (See, e.g., *In re E.V.* (2022) 80 Cal.App.5th 691, 698; *In re Dezi C., supra*, 79 Cal.App.5th at p. 779, review granted; *In re J.C.* (2022) 77 Cal.App.5th 70, 80; *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744; *In re A.C.* (2021) 65 Cal.App.5th 1060, 1069.) In this court's prior decision addressing this issue, *In re G.A., supra*, 81 Cal.App.5th 355, review granted, the parents both repeatedly denied Indian ancestry and the record showed the child welfare agency attempted to contact other family members, but they were not responsive. (*Id.* at pp. 359, 362.) The mother claimed that, in order to demonstrate prejudice, she only needed to show " 'there were sources of information readily available to respondent that were not consulted.' " (*Id.* at p. 362.) We rejected her contention and determined that the evidence derived from the

initial inquiry " 'was sufficient for a reliable determination' " and the agency had no duty to inquire beyond that which it did.  (*Id.* at p. 363.)

Here, in contrast to *In re G.A.*, there is no indication in the record that either HHS or the Department made any effort to inquire of *any* accessible relatives regarding the minor's ancestry.  By example, in an effort to contact father in preparation for the detention hearing, HHS spoke with the paternal uncle, Charles G.  It does not appear HHS asked the uncle about Indian ancestry.  Additionally, the minor was placed with the maternal aunt, Tara H., as early as June 2020 and remained in her care at the time the Department filed their 366.26 report in March 2022; it does not appear the Department asked the maternal aunt about Indian ancestry.  Instead, as the Department concedes, HHS and the Department relied exclusively on mother's and father's representations to satisfy its duty of inquiry.  Additionally, because the minor was taken into protective custody in this case, there is no question that section 224.2, subdivision (b) applies and a heightened duty of inquiry—including inquiry of extended family members—applies. Because the record demonstrates that HHS and the Department failed to discharge the initial inquiry duty, we will conditionally affirm but remand for ICWA compliance.

## DISPOSITION

The orders terminating parental rights are conditionally affirmed subject only to full compliance with the ICWA as described in this opinion. If, on remand, the juvenile court determines the ICWA applies, the court shall vacate its previous orders terminating parental rights and conduct further proceedings consistent with the ICWA, including a new section 366.26 hearing. (25 U.S.C. § 1914; § 224, subd. (e).)

/s/
EARL, J.

We concur:

/s/
HULL, Acting P. J.

/s/
BOULWARE EURIE, J.